# The University of Georgia

School of Public and International Affairs
*Department of Political Science*

October 6, 2015

The Honorable Patti B. Saris
Chief Judge, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA  02210

Dear Chief Judge Patti B. Saris ,

I am an assistant professor in the Department of Political Science at the University of Georgia.  I am writing to request a **discretionary PACER fee exemption** for District of Massachusetts for a scholarly research project entitled "Judging Disabilities: Social Security Administration Appeals in the Federal Trial Courts."  This request falls under the Judicial Conference's policy regarding discretionary exemptions to electronic access fees for "individual researchers associated with educational institutions." (Electronic Public Access Fee Schedule, § (9) (eff. 12/1/13))

Under the Electronic Public Access Fee Schedule's guiding language, drafted by the Judicial Conference, in considering granting a § (9) Discretionary PACER fee exemption, an individual court must find that the exemption "is necessary in order to avoid unreasonable burdens and to promote public access to information" and  "that individual researchers requesting an exemption have shown that the defined research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes." I believe this request meets both criteria.

In this research project, I seek to examine the appellate decision making of federal district courts in Social Security Administration disability appeals.  To do this, I will collect case documents (docket sheets, complaints, orders, opinions) for a random sample of Social Security Administration disability appeals filed in federal district courts across the country, including District of Massachusetts, from 1997 to 2014. The cases in the drawn sample will be identified by their Nature of Suit code (here, NOS codes 863 and 864). I propose to sample up to 25 cases per Nature of Suit code per district court per year. With 94 federal district courts, 18 years (1997-2014), two NOS codes, and some districts with fewer than 25 Social Security cases per NOS code per year, I anticipate approximately 71,000 cases in the sample.

By utilizing PACER to gain access to docket-level information on Social Security disability appeals, I should be able to have the data necessary to draw new conclusions in this area of legal research.  My research does not and will not focus on individual judges or individual

cases; rather, I will be looking to draw conclusions across district courts and across time. This will include looking for trends in case processing, the reliance on magistrate judges for processing Social Security appeals, and the responses to Social Security Administration Administrative Law Judge decision making that varies significantly in its likelihood of granting disability benefits to claimants.

This is a research topic that is of increasing concern to government officials, the media, and U.S. citizens. The Social Security Administration has a 1 million case backlog and an average hearing wait time over 1 year. The annual number of Social Security Administration disability appeals in federal district courts ranges from just under 10,000 to 16,500 and comprises between 4% and 7% of the district courts' total docket per year. Despite a deferential standard of judicial review, as many as 50 percent of the Social Security Administration's disability determinations reviewed by the federal district courts are reversed or remanded. This high Social Security remand rate has prompted congressional and agency calls for improvements in the Social Security Administration disability adjudication procedures and increased quality in agency adjudication outcomes. Although these government officials have concerns about the quality of SSA adjudications as it relates to district court remands, they do not possess systematic data about the body of district court cases across time, the types of SSA disability cases across time, district court characteristics, and the involvement of magistrate judges, among other things.

As an assistant professor at a state university like the University of Georgia, I am not allotted research funds. My school, the School of Public and International Affairs, does not cover PACER fees for faculty. As such, any PACER fees that I incur in my research without an exemption must be paid out of pocket. With over 70,000 cases in my research sample, the PACER fees will be prohibitively expensive. Any PACER documents retrieved for this project will be used solely for this research project. In other words, there will be absolutely no internet redistribution or commercial use involved with this project. The expected final completion date of the PACER document retrieval for this project is **December 31, 2017**.

Thank you very much for your consideration of this request. If you should have any questions, please do not hesitate to contact me (706-542-2958; cl.boyd@uga.edu).

Sincerely,

Christina Boyd
PACER account: cl.boyduga

Mailing Address:
Christina L. Boyd
Political Science Department
104 Baldwin Hall
355 S. Jackson Street
Athens, GA 30602

